# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Bruce Justin Partridge, | Case No. 22-CV-2167 (WMW/ECW) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| State of Minnesota Beltrami County et al., | |
| Defendants. | |

This matter is before the Court on Plaintiff Bruce Justin Partridge's (1) Complaint for Violation of Civil Rights Under 42 U.S.C. § 1983 (Dkt. 1 ("Complaint")), and (2) Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 2 ("IFP Application")). For the following reasons, the Court recommends dismissing this action and denying the IFP Application as moot.

## I. BACKGROUND

This action commenced on September 2, 2022, when the Court received the Complaint and the IFP Application. (*See* Dkt. 1 at 1; Dkt. 2 at 1.[1]) When Partridge filed the Complaint, authorities were holding him in the Beltrami County Jail; recent mail sent to him has been returned unopened, however, so he apparently is no longer there. (*See* Dkt. 1-2 at 1 (envelope containing opening filings); Dkt. (indicating mail return).)

---

[1] All references to filed materials in this Report and Recommendation use the pagination provided by the Court's CM/ECF filing system.

The Complaint names a large number of defendants. (*See, e.g.*, Dkt. 1 at 1-2, 5-9.) Indeed, as best as the Court can tell, the Complaint has two somewhat different lists of Defendants: one in the Complaint's caption (*see id.* at 1-2), and the other listed within that part of the template document that asks for a list of Defendants (*see id.* at 5-9). For reasons discussed below, the Court need not list all the Defendants, but the complete list encompasses at least 30 people or entities.[2]

For most of the Defendants, the Complaint has no substantive allegations.[3] For the other Defendants, the Complaint alleges as follows:

---

[2]   Combining the Complaint's two lists, the list of Defendants (presented to the extent possible as Partridge names the people and entities) is as follows: "State of Minnesota Beltrami County," "Beltrami County City of Bemidji," "Beltrami County Sheriff Dept.," "Beltrami County Attorney Office," Johnathan G. Melby, Ernie Bietal, David Hansen, Symon Schendler-Soen, Riley Irish, "Beltrami County Public Defender Office," Henry C. Amblang, Annie Claesson-Huseby, "Beltrami County District Nine Judicial Court," Johnathan Beyer, the State of Minnesota, Dawn-Marie Eckdahl, Annette Tyler, Kayla Littler, Anderson Jones, "Leech Lake Band of Ojibwe Reservation Family Preservation," Faron Jackson, Earl Robinson, Anderson Lee, "Bemidji Police Department," the City of Bemidji, Mike Frees, Zachary Ruport, Neal Warren, Tyler Schlattman, Matt Bliss, Audrey M. Thayer, and Calandra Allen. (*See* Dkt. 1 at 1-2, 5-9.)

[3]   The Court notes that Partridge has submitted a pair of letters to the Court. (*See* Dkt. 3, 5.) Each letter seems to contain some substantive allegations about certain Defendants. (*See* Dkt. 3 at 1-2; Dkt. 5 at 1-2.) To the extent that Partridge wants the Court to review these materials to find allegations and causes of action against this action's Defendants, the Court will not do so. It is a litigant's responsibility—not this Court's—to place relevant allegations and claims into his or her pleading; a court need not search through a litigant's other filings to see how they might support or bolster a complaint. *See, e.g.*, *Edner v. Dietrich*, No. 22-CV-0070 (JRT/LIB), 2022 WL 981367, at *4 n.7 (D. Minn. Feb. 24, 2022) (citing cases), *aff'd in relevant part*, No. 22-1664, 2022 WL 4483131 (8th Cir. Aug. 9, 2022); *Jackson v. Hennepin Hosp.*, No. 19-CV-2392 (PJS/ECW), 2020 WL 532973, at *1 n.3 (D. Minn. Jan. 3, 2020) (same), *R&R adopted*, 2020 WL 528898 (D. Minn. Feb. 3, 2020).

- Partridge alleges that Defendant Dawn-Marie Eckdahl "is/was [his] foster mom and spouse." (Dkt. 1 at 5.) Partridge states that in Eckdahl's role as "social worker for [Partridge's] tribe"—specifically, the Leech Lake Band of Ojibwe (LLBO)—she "manipulates [Partridge's] disabilities and her relationship with him." (*Id.*) Partridge also asserts that Eckdahl refers to him with derogatory terms, and apparently that she "cheat[]s on [him]." (*Id.*)

- Partridge claims that Defendant Ernie Bietal—Beltrami County's Sheriff—failed to respond to various letters that Partridge sent concerning Eckdahl. (*See id.* at 5, 10.) Partridge asserts that in order to further a relationship with Eckdahl, Bietal "persecutes" Partridge, "overlooks [Partridge's] legal status," and "illegally charges and oppresses" Partridge. (*Id.* at 10)

- Partridge asserts that Defendant Johnathan G. Melby, identified as a "District Nine Court Magistrate," "overlooks [Partridge's legal status]" and "decides on presumptive guilt"—presumably Partridge's—"in collusion with [the] State without prima facie evidence or even [and] fair procedures." (*Id.*).

- Partridge identifies Defendant David Hansen as the Beltrami County Attorney. (*Id.*) Partridge states that Hansen "overlooks" certain authorities relevant to Minnesota competency proceedings, and does so as a "favor to" others, including Bietal. (*Id.*)

- Partridge does not identify the positions of Defendants Symon Soen-Schindler and Riley Irish, but he claims that both of them are "under [the tutelage] of [the] DA"—presumably meaning the Beltrami County Attorney. (*Id.*) Partridge claims that the pair have both "forgo[ne]" his legal status and are seeking to curry favor with government officials in Beltrami County, including Bietal. (*Id.*)

- The Complaint identifies Defendant Anderson Jones as a "subordinate" to the LLBO's Family Preservation Director. (*Id.* at 11.) Partridge suggests that while acting as a social worker, Jones has "ignored his oath" and apparently certain statutes. (*Id.*) Partridge also claims that "as a Platonic favor" for Eckdahl, Jones has failed to "report his boss." (*Id.*)

3

For relief, Partridge asks for various amounts of punitive damages, as well as his "freedom."[4] (*Id.* at 13.)

## II.   ANALYSIS

### A.   Standard of Review

Rather than pay this action's filing fee, Partridge submitted the IFP Application. As the Court understands this document, it indicates that Partridge is financially eligible for IFP status.[5]

Nevertheless, under Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must

---

[4]  As noted above, when Partridge filed the Complaint, he was incarcerated, but it now appears he no longer is. As a result, to the extent the Complaint seeks Partridge's "freedom"—putting aside whether a civil suit under 42 U.S.C. § 1983 is a proper vehicle for such a request—the Complaint is moot and the Court lacks subject-matter jurisdiction.

[5]  The Court notes two points, however. First, the IFP Application suggests that Partridge's *average* monthly income for the last twelve months is $6,000; if true, this would make his total income for the last twelve months approximately $72,000. (*See* IFP Appl. 1.) Given Partridge's representations about his recent employment history, however (*see id.* at 2), the Court concludes that Partridge means for that $6,000 figure to be his *total* earnings—not his average earnings—for the past twelve months. Second, the IFP application says certain things about significant income by Partridge's "[s]pouse" during the past year. (*Id.* at 1.) Assuming that these figures reflect the same total-versus-average error in the figures for Partridge's own income, the IFP Application suggests that Partridge's spouse made $457,000 in the last twelve months. (*See id.*) Were this income attributable to Partridge, he would plainly be ineligible for IFP status. But Partridge's purported spouse here is Defendant Dawn-Marie Eckdahl, whom Partridge also refers to as his former foster mother. (*See* Compl. 5.) The Court takes no position on Eckdahl's relationship to Partridge for purposes of assessing the Complaint. For purposes of the IFP Application, however, the Court assumes that Eckdahl's income for the past twelve months does not bear on Partridge's present financial situation. The Court thus does not attribute this purported spousal income to Partridge.

dismiss the action." It is a plaintiff's burden to "allege in his pleading the facts essential to show jurisdiction." *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936); *see also, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("It is to be presumed that a cause lies outside [federal courts'] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]" (citing cases, including *McNutt*)); *see also, e.g.*, *Ousley v. Glockner*, No. 22-CV-1600 (WMW/DTS), 2022 WL 2905731, at *1 (D. Minn. July 22, 2022) (making same point (quoting *Jones v. Gale*, 470 F.3d 1261, 1265 (8th Cir. 2006))).

**B.    Subject-Matter Jurisdiction**

Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The U.S. Court of Appeals for the Eighth Circuit describes the "arising under" standard like so:

> "[T]he question whether a claim 'arises under' federal law must be determined by reference to the 'well-pleaded complaint.'" The well-pleaded complaint rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." "Federal question jurisdiction exists if the well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."

*Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 329 (8th Cir. 2016) (citations omitted); *see also, e.g.*, *Lowry v. City of Minneapolis*, No. 21-CV-2189 (PJS/TNL), 2022 WL 2763757, at *3 (D. Minn. July 15, 2022) (quoting *Great Lakes Gas*). Under this standard, the test for whether federal-question jurisdiction exists

5

here is whether (1) "federal law creates [a] cause of action," or (2) Partridge's rights to relief "necessarily depend[] on resolution of a substantial question of federal law."

To be sure, the Complaint invokes 42 U.S.C. § 1983, a federal statute. (*See* Dkt. 1 at 1.) But this reference is not enough to generate federal-question jurisdiction. Section 1983 states that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

As the statutory text suggests, § 1983 gives plaintiffs a *procedural* mechanism to bring claims under other federal laws (constitutional or statutory). It does not, however, provide plaintiffs with any *substantive* causes of action. *See, e.g.*, *Gonzaga Univ. v. Doe*, 536 U.S. 273, 285 (2002) (citing *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979)); *Baxter-Knutson v. Brandt*, No. 14-CV-3796 (ADM/LIB), 2015 WL 4633590, at *3 (D. Minn. Aug. 3, 2015) (citing *Tarsney v. O'Keefe*, 225 F.3d 929, 939 (8th Cir. 2000)).

This is dispositive here. Partridge invokes § 1983, but gives no hint of what federal constitutional provisions or federal statutes ground his claims.[6] As a result,

---

[6] The closest that the Complaint comes is its allegations about Defendant Melby; the reference to "even [and] fair procedures" suggests that some sort of procedural-due-process claim might apply here. (Dkt. 1 at 10.) But any such claim faces insurmountable problems. First, absolute judicial immunity would likely apply to the claim if (as it seems) Melby's relevant conduct concerned his acts as a judge. Second, the procedural-unfairness allegations here are completely lacking in detail, so fail to state a claim under

6

though Partridge cites § 1983, the Complaint fails to indicate that federal law creates any cause of action in this matter, or that Partridge's rights to relief depend on resolving any substantial federal-law question.[7]

Because the Court lacks subject-matter jurisdiction over this matter, the Court recommends dismissing this action without prejudice. Given this recommendation, the Court further recommends dismissing the IFP Application as moot.

---

black-letter pleading law. Finally, to the extent Partridge is trying to sue under § 1983 for conduct that directly led to criminal punishment and/or a civil commitment, *Heck v. Humphrey* likely bars such a claim, for there is no indication here that Partridge has secured a so-called "favorable termination" for any conviction or commitment relevant here. 512 U.S. 477, 486-87 (1994). In summary, the Complaint's best federal-law-claim candidate is a nonstarter; it plainly cannot ground subject-matter jurisdiction here.

[7]   Where federal-question jurisdiction is lacking, the usual subject-matter-jurisdiction alternative is diversity jurisdiction under 28 U.S.C. § 1332, which states that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States[.]" But diversity jurisdiction requires "complete diversity": "each defendant [must be] a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphases in original); *Ousley*, 2022 WL 2905731, at *2 (making same point (quoting *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007)). The Complaint does not specify the citizenship of Partridge or any named Defendants (though the addresses involved suggest that many, if not all, parties to the case are Minnesota citizens). As a result, there is no indication that complete diversity exists here, and diversity jurisdiction thus does not provide subject-matter jurisdiction over this action.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS RECOMMENDED THAT**:

1. This action be **DISMISSED** without prejudice for lack of subject-matter jurisdiction.

2. Plaintiff Brian Justin Partridge's Application to Proceed in District Court Without Prepayment of Fees or Costs (Dkt. 2) be **DENIED** as moot.

Dated: October 11, 2022                    *s/Elizabeth Cowan Wright*
                                           ELIZABETH COWAN WRIGHT
                                           United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).